RUDOLPH CHRISTEN, APPELLEE, v. WILLIAM SCHREINER, APPELLANT.

FILED OCTOBER 22, 1908. No. 15,318.

Appeal: VERDICT: EVIDENCE. When the verdict returned by the jury is the only one justified by the evidence, alleged error in the instructions of the court will not be considered.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*John C. Watson* and *A. P. Moran*, for appellant.

*Roddy & Bischof,* contra.

DUFFIE, C.

Christen, as the next friend of Richard Kussel, a minor, brought this action against the defendant to recover a balance due for work and labor performed. The defense alleged in the answer was payment of all sums due the plaintiff except $2.50, for which, together with the costs, defendant offered to confess judgment. The jury found for the plaintiff in the sum of $81.95, and, judgment being entered on the verdict, defendant has appealed.

It is claimed that the verdict of the jury is not sustained by the evidence, and is contrary to the evidence. It appears from the evidence of two witnesses that the account sued on was left in the hands of a firm of attorneys for collection, and, in response to a notice sent by the attorneys, the defendant called at their office, admitted the

correctness of the account after a small credit which he claimed had been allowed thereon, paid the attorneys $20 on the account, and promised to pay the remainder within a short time. This was ample evidence to support the finding of the jury.

Again, the defendant himself testified that Kussel worked for him seven months at the agreed price of $18 a month. The only payments to which he testifies amount to $74.75, leaving, according to his own statement, a sum exceeding $50 still due the plaintiff. The defendant, his wife, and another party testified to a settlement made with Kussel about the time his services ended, and that it was agreed between them that there was then due Kussel the sum of $22.50. At the time of the settlement Kussel was a minor, and the court instructed that Kussel was not bound by a settlement, in case the jury found that a larger sum than $22.50 was due him at the time of the alleged settlement. To this instruction the defendant excepted, and now assigns error thereon. It is a general rule that minors are not bound by their general contracts, and especially by their executory contracts. This settlement, had it taken place between parties of full age, would be set aside upon a showing of fraud or mistake; it being only *prima facie* evidence of the correctness of the account between the parties. The defendant did not plead this settlement in his answer, the only defense alleged therein being payment of the amount due, except $2.50, for which an offer to confess judgment was made. That the settlement, if made, was not binding upon the plaintiff is established by defendant's own evidence, as it clearly appears therefrom that more than $50 was due Kussel for his work at the time. Under these circumstances, it is not necessary to discuss this instruction. The verdict returned by the jury is fully sustained by the evidence, and we recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.