EARL A. RAWITZER ET AL., APPELLEES, V. MUTUAL BENEFIT
HEALTH & ACCIDENT ASSOCIATION, APPELLANT.

FILED MAY 5, 1917.   No. 19484.

1. **Insurance: ACTION: SUICIDE: QUESTION FOR JURY.** Where suicide
is properly presented as a defense in a suit on a certificate of ac-
cident insurance to recover indemnity for the death of insured, it
is error to direct a verdict for plaintiffs, if different minds may
reasonably draw different conclusions from the evidence on that
issue. *Walden v. Bankers Life Ass'n*, 89 Neb. 546, explained.

2. **Pleading: DEFENSES.** "A defendant may plead as many grounds of
defense as he may have, provided they are not so repugnant that
if one be true another must be false." *Home Fire Ins. Co. v. Deck-
er*, 55 Neb. 346.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Reversed.*

*Thomas Lynch*, for appellant.

*Byron G. Burbank*, contra.

ROSE, J.

This is an action to recover $5,000 and interest on a cer-
tificate of accident insurance issued by defendant January
8, 1910, to Albert H. Rawitzer, father of plaintiffs. The cer-
tificate provided for an indemnity of $5,000 in the event
that the death of insured resulted from external, violent
and accidental means.  While the insurance was in force in-
sured died from carbolic acid poisoning, June 13, 1914.
In the petition plaintiffs, among other things, alleged:
"The said Albert H. Rawitzer was killed by carbolic acid
poisoning, through external, violent and accidental means;
that he swallowed enough to cause his death, and, when he
took it, he did not know it was a deadly poison, as it was,
but believed it to be some harmless liquid, and he took the
same without any intention to injure himself, and the tak-
ing thereof was accidental."  Defendant denied that in-
sured swallowed the carbolic acid without knowing it was
a deadly poison, believing it to be a harmless liquid, and

denied that he drank it without intention to injure himself. Defendant also pleaded a by-law limiting to $500 the insurance for injuries resulting from "the accidental taking of poison." The reply of plaintiffs contained a plea of estoppel based on the ground that a synopsis of the by-laws printed by defendant on the certificate of insurance made no reference to a by-law limiting to $500 the indemnity for injuries resulting from "the accidental taking of poison." Plaintiffs adduced no proof, and at the close of the testimony on behalf of defendant the trial court sustained a motion for a peremptory instruction in favor of plaintiffs. From judgment on a verdict for $5,473.45, defendant has appealed.

The first question presented here is assigned error in the order directing a verdict for plaintiffs. The reasons urged in support of the peremptory instruction may be summarized as follows: There is a presumption that insured did not intentionally take his own life. There is no evidence of a motive for self-destruction. The evidence would not sustain a finding that insured committed suicide. In this connection plaintiffs invoke the following language quoted from the syllabus in *Walden v. Bankers Life Ass'n,* 89 Neb. 546:

"The burden is upon an insurance company to prove by a preponderance of the evidence a controverted defense that the deceased came to his death from poison self-administered.

"In such a case, the defense is not established unless the evidence so clearly and unmistakably points to the conclusion of suicide as to exclude all reasonable probability of death by accident or from natural causes."

The rule announced in the latter paragraph should not be included in a charge to a jury on the issue of suicide, but it is applicable in the appellate court on review of a jury's finding that insured did not intentionally take his own life. On appeal it may properly be held that such a finding should not be overturned "unless the evidence so clearly and unmistakably points to the conclusion of

suicide as to exclude all reasonable probability of death by accident or from natural causes." This is another way of saying that the finding of a jury on an issue of fact will not be set aside on appeal as unsupported by the evidence unless clearly wrong.

In the present case a direction to the jury to return a verdict for plaintiffs is challenged as erroneous. The trial court, in ruling on the motion for a peremptory instruction, was required to consider whether the evidence would support a finding by the jury that insured committed suicide. The following rules of law are applicable to the inquiry: On an issue in a civil action a finding in favor of the insurer does not require more than a preponderance of the evidence. *Walden v. Bankers Life Ass'n*, 89 Neb. 546. The presumption that insured did not intentionally take his own life is rebuttable. *Hardinger v. Modern Brotherhood of America*, 72 Neb. 869. Where different minds may reasonably draw different conclusions from the testimony on an issue of fact in a civil case, it is error to direct a verdict. *Suiter v. Park Nat. Bank*, 35 Neb. 372; *Gillis v. Paddock*, 77 Neb. 504; *Tarnoski v. Cudahy Packing Co.*, 85 Neb. 147. In the present case, may different minds reasonably draw different conclusions from the proofs on the issue of suicide? Would the evidence sustain a finding by a jury that insured intentionally took his own life? No testimony was offered on behalf of plaintiffs. They rely on the admitted fact that insured died from carbolic acid poisoning and on the presumption of accidental death. The home of insured, at the time of his death, was a summer cottage near Carter lake. Early in the morning he was found dead in a garage in the rear of his cottage. His clothing consisted of a shirt and pantaloons. His feet were bare. He had swallowed three ounces of carbolic acid. Death resulted from the taking of the poison. Evidence of these facts is uncontradicted. The circumstances outlined tend to rebut the presumption that insured was prompted by the instinct of self-preservation. The incidents narrated by defend-

ant's witnesses might reasonably lead jurors to conclude that insured committed suicide. From all of the testimony on that issue different minds might reasonably draw different conclusions. The question of fact, therefore, should not have been withdrawn from the jury, and the trial court erred in directing a verdict in favor of plaintiffs.

Plaintiffs contend further that the judgment in their favor should be affirmed on the ground that defendant admitted in its answer that insured's death was accidental. This contention is based on defendant's allegation that a by-law limited to $500 the insurance for injuries resulting from the "accidental taking of poison." It is argued that this defense is available only where death results from the accidental taking of poison, and that the plea amounts to an admission that insured's death was accidental. If the position of plaintiffs is tenable, defendant cannot plead in its answer both the defense of suicide by the taking of poison and the by-law limiting the liability in such event to $500. The refinement is too subtle for the practical purposes of pleading under the Code. The demands of justice call for a more liberal rule. The defenses are not inconsistent. Proof of one does not disprove the other. The rule in harmony with Code pleading has been correctly stated as follows:

"A defendant may plead as many grounds of defense as he may have, provided they are not so repugnant that if one be true another must be false." *Home Fire Ins. Co. v. Decker,* 55 Neb. 346; *Hilmer v. Western Travelers Accident Ass'n,* 86 Neb. 285; *Havlik v. St. Paul Fire & Marine Ins. Co.,* 87 Neb. 427; *Ford & Isbell Lumber Co. v. Cady Lumber Co.,* 94 Neb. 87.

For the error in directing a verdict in favor of plaintiffs, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.