GERTRUDE M. GROSVENOR, APPELLEE, v. FIDELITY & CASUALTY COMPANY, APPELLANT.

FILED JUNE 26, 1918.  No. 19929.

1. **Evidence: DEATH BY SUICIDE: PRESUMPTION.**  The presumption against death by suicide is *prima facie* only and rebuttable. It prevails when the cause of death is unknown. It does not prevail as a presumption in the presence of facts bearing upon the question whether death is intentional or accidental.

2. ———: ———: ———: REBUTTAL.  When evidence is adduced which is contrary to such presumption, or the presumption is met by conflicting presumptions, it disappears, although the fact upon which it rests may still remain, proper to be considered in arriving at a conclusion.

3. **Insurance: PLEADINGS: BURDEN OF PROOF.**  The petition averred death from "accidental carbolic acid or toxic poisoning." This the answer denied and averred "suicide by the intentional drinking of deadly poison, namely, by the drinking of carbolic acid." The reply contained a denial and admission of death from "drinking a deadly poison, to wit, carbolic acid." *Held,* that the burden was upon plaintiff to produce evidence showing that the death was accidental and not suicidal.

4. **Evidence: SUFFICIENCY.**  The burden of proving a cause of action or defense is not sustained by evidence from which the jury can arrive at its conclusion only by mere guess or conjecture.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Morsman, Maxwell & Crossman,* for appellant.

*Sullivan, Rait & Pratt, contra.*

CORNISH, J.

Plaintiff's petition in her action upon a policy, insuring against accident, for the death of her husband caused by accidental means, contained an allegation that "Walter B. Grosvenor did lose his life by accidental carbolic acid or toxic poisoning." The answer contained a general denial, and alleged that Grosvenor "took his own life and committed suicide by the intentional drinking of a deadly poison, namely, by the drinking of carbolic acid." The reply contained a denial and admission that "Grosvenor died by means of drinking a deadly poison, to wit, carbolic acid." When the cause came on for trial, the plaintiff, and afterwards the defendant, declined to offer evidence; whereupon, the court, apparently upon the theory that, death from a deadly poison being admitted, the burden would be upon the defendant to introduce enough evidence to rebut a presumption in plaintiff's favor that the death was accidental, rather than suicidal, directed a verdict in favor of the plaintiff. The defendant, believing that the court erred in its holding, in that the pleadings failed to show death produced by bodily injury and caused by accidental means, failed to show that it was not suicidal nor caused exclusively by drinking carbolic acid, the burden being upon plaintiff to show these facts, appeals.

The party who would be defeated, if no evidence were given on either side, must first produce his evidence. Rev. St. 1913, sec. 7846.

Assuming that the burden is upon the plaintiff to prove death by accidental means, and that the mere fact of death raises a presumption or inference that the death was accidental, was the trial court right in its conclusion

based upon the facts shown by the pleadings? Our opinion is to the contrary.

Because men love life and fear death, they instinctively avoid obvious danger. This fact, drawn from experience, is the basis of a presumption, relied upon by plaintiff, that when the cause or manner of death is unknown we infer that it was not suicidal. The inference is not based upon a law of nature which is invariable. Men do frequently commit suicide. It is one of a multitude of legitimate inferences, in which we infer the unknown, from the known, having greater or less degrees of probability, which we use in reasoning to arrive at the ultimate fact. Being a probability resting upon human experience, in its nature, it is controlling only in the absence of evidence of the actual.

When, knowing only that one has died from drinking carbolic acid, you say you are in doubt as to cause, and then, bringing into service the presumption against suicidal intent, you finally conclude that the death was accidental, are you not guilty of that error known in logic as *petitio principii?* Had you not, in reaching your first conclusion, given the theory of accident the benefit of the truth upon which the presumption is founded? Had you assumed as a fact that the deceased contemplated suicide or was indifferent to life, you might not have entertained the doubt. Let us suppose experience has shown that of all the persons who have died from drinking carbolic acid three out of four were cases of suicide; then, would it not be palpably absurd to infer in the given case that the death was not intentional? The rule invoked arises when we are ignorant of the intent and loses its force as a presumption in presence of actual facts bearing upon intent. The presumption then comes in conflict with other presumptions or facts which may overcome it. There is the almost conclusive presumption that when one drinks he drinks voluntarily; the presumption that when one drinks he knows what he is drinking, especially so if he is drinking carbolic acid; the pre-

sumption that when one drinks carbolic acid he knows the poisonous character of the liquid; and the presumption that one intends the natural consequences of his own act. These presumptions bear upon the question of intent, and the force of the original presumption must be lessened by the force given to them. While it may well be argued that we are still uncertain as to the actual intent, the presumption against intentional death can no longer prevail as *prima facie* proof.

The burden was and remained upon plaintiff to prove his case. *Clark v. Bankers Accident Ins. Co.*, 96 Neb. 381. Without evidence being produced by the plaintiff to show that the death was not intentional, the jury would be left to mere conjecture for determining the actual facts. It will not do to say that as long as there is room for doubt as to the intent the defendant must offer evidence. Rather the contrary. The burden is upon the plaintiff to show that the death was accidental; or, in other words, that it was not suicidal. This he must do by evidence of the actual facts or a situation from which accident is *the* reasonable inference, not *a* reasonable inference or possible one.

The question decided in *Rawitzer v. Mutual Benefit Health & Accident Ass'n*, 101 Neb. 219, is really decisive in this case. Different minds may reasonably draw different conclusions. It is held to be an issue of fact for the jury to determine. The explanation, given in the case cited, of the first two paragraphs of the syllabus in *Walden v. Bankers Life Ass'n*, 89 Neb. 546, is important. The rule as stated applies only to an appellate court's review of a jury's finding. In *Walden v. Bankers Life Ass'n*, the burden was upon the insurance company to show suicide. In the instant case, the burden is upon plaintiff to show accidental death. Here, as there, it will not do to say, as a proposition of law for the guidance of the jury, that accident must be "so clearly and unmistakably" shown or indicated as to exclude all reasonable probability to the contrary. It is a question of

clear preponderance of the evidence, going to establish the essential fact, so that the jury will not be left to mere guess or conjecture in arriving at its conclusion. 9 Ency. of Evi. p. 885; 2 Chamberlayne, Modern Law of Evidence, sec. 1053; *Sovereign Camp, W. O. W.; v. Hruby,* 70 Neb. 5, 12; *Hardinger v. Modern Brotherhood of America,* 72 Neb. 869; *Merrett v. Preferred Masonic Mutual Accident Ass'n,* 98 Mich. 338; *Connerton v. Delaware & Hudson Canal Co.,* 169 Pa. St. 339.

The insurance was against death by "accidental means." It is contended by the defendant insurance company that, inasmuch as death was caused by voluntary act—drinking carbolic acid—the means cannot be said to have been accidental. As said by Judge Cooley in Briefs on Law of Insurance, vol. 4, p. 3156: "Strictly speaking, a means is accidental perhaps only when disassociated from any human agency, but this narrow interpretation is not recognized in the law of accident insurance." This view seems to have been heretofore recognized by this court. "Any event which takes place without the foresight or expectation of the person acted upon or affected thereby" must be considered accidental, even though the accident would not have happened but for a voluntary act upon the part of the person receiving it. *Railway Officials & Employees Accident Ass'n v. Drummond,* 56 Neb. 235; *Rustin v. Standard Life & Accident Ins. Co.,* 58 Neb. 792.

REVERSED AND REMANDED.

ROSE and HAMER, JJ., not sitting.