WILLIAM R. PATRICK, APPELLANT, V. WILLIAM J. SHALL-CROSS, APPELLEE.

FILED AUGUST 11, 1932.   No. 28258.

*O'Sullivan & Southard* and *Seymour L. Smith*, for appellant.

*Fischer, Fischer & Fischer, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and DICKSON and TEWELL, District Judges.

DICKSON, District Judge.

The appellant and appellee were plaintiff and defendant in a slander action brought in the district court for Sarpy county. A jury trial was had resulting in a verdict for the defendant. From an order overruling a motion for a new trial and judgment for defendant, plaintiff has appealed.

The record discloses the plaintiff had been for many years a practising attorney in the city of Omaha and surrounding communities; that he lived in the city of Omaha and maintained an office in the Omaha National Bank Building. The defendant lived in the village of Bellevue, and owned property there, as did the plaintiff; the properties being on opposite sides of Bluff street. A controversy had arisen between the plaintiff and defendant over the occupancy of a part of Bluff street by the defendant. Defendant insisting on his right of occupancy; and the plaintiff resisting and going so far as to remove, or cause to be removed, defendant's fence and grapevines from the street, engendering some feeling between the parties. While this controversy was still on, the plaintiff and defendant met at the entrance of the Omaha National Bank, and the matter of the rights and privileges of the parties in and to Bluff street was discussed at length and became quite heated. At this juncture Mr. Erion appeared on the scene and was asked by defendant to witness what he was about to say to the plaintiff. Whereupon the defendant said to Mr. Erion, "Pat (meaning plaintiff) is trying to steal twenty feet of my land;" that the plain-

tiff replied to defendant by saying, "You mean to say I am a thief;" that defendant replied to plaintiff by saying, "If you take that land, yes. * * * The idea of you having the nerve to go into a church like you did last Sunday night and preach a sermon about the crime conditions of this country when you are no better than a criminal yourself." Plaintiff, feeling aggrieved, sought redress in court. The petition is bottomed on the proposition that the accusations of the defendant accused him of a crime, and of being a criminal, and were actionable *per se.* If the plaintiff be correct in his contention, then the judgment of the district court should be reversed; but, if the defamatory words used were not actionable *per se,* then the judgment of the district court should be affirmed.

Conceding that the defendant made use of the words charged in the petition, were they actionable *per se?* It will be noted that the defendant said to Erion, "Pat is trying to steal twenty feet of my land." This does not charge the plaintiff with a criminal offense, as the property was not the subject of larceny, either at common law or under our statute. The rule seems to be: "Words, otherwise actionable *per se* as charging larceny, if spoken in relation to a subject of which no larceny was capable of being committed, are not actionable *per se.*" 36 C. J. 1206.

At most, the words charged the plaintiff with an attempt to steal the land, not a criminal offense. "An oral charge of an attempt to commit a crime will not be actionable *per se* where such attempt does not of itself constitute a distinct substantive offense." 36 C. J. 1198.

The use of the words, "thief" and "criminal," standing alone, would be actionable *per se;* but the words must be considered in connection with all that was said; and if it appears that they related to the taking of property not a subject of larceny, they are not actionable. "Although the words spoken amount of themselves to a charge of larceny, yet if accompanied with a specification

of acts upon which the charge is based, which show that no such crime was committed, the person of whom the words were spoken has no cause of action." 36 C. J. 1206.

On the trial of the case the plaintiff limited his proof to the speaking of the alleged defamatory words, and based his right of recovery upon the proposition that they were actionable *per se;* and that proof that they were spoken of the plaintiff by the defendant entitled him to damages; and instructions were offered by plaintiff in support of his contention.

In the trial of the case the defendant conducted his own defense, which is unusual, unsatisfactory, and embarrassing at times to the trial judge, and subjects him to unjust criticism which he has no way of avoiding. The defendant asked, and was given leave, to amend his answer; and, although not amended in conformity to his request, the trial seems to have proceeded as if amended. On the trial some testimony was admitted on both sides that was foreign to the issues, but without prejudice or advantage to either party. The greater part of such testimony was explanatory of the conditions that gave rise to the controversy between the parties as to the rights of abutting owners of property on Bluff street; and the plaintiff was not prejudiced by its reception; in fact, it sustained the plaintiff's contention that any possession or occupancy by the defendant of the street was unlawful. Much fault is found with the instructions of the court. They embodied the contentions of the plaintiff, as stated in his requested instructions, and plaintiff should not now complain. The court's instructions are much more favorable to the plaintiff than he was entitled to; and were prejudicial to the defendant to such an extent that, if the verdict had been against him, he would have been entitled to a new trial. Had the defendant moved for a directed verdict at the close of plaintiff's evidence, it would have been error to have refused it. The verdict of the jury for the defendant was the only verdict that could be upheld, under the plaintiff's own petition

and proof. Under such conditions, errors occurring at the trial could not have been prejudicial to the plaintiff.

"Where the verdict returned by the jury is the only one justified by the evidence, alleged error in the instructions of the court will not be considered." *Christen v. Schreiner,* 82 Neb. 446.

Again, in *Advance Thresher Co. v. Kendrick,* 91 Neb. 645: "Where the conclusion reached by the jury was the only one permissible under the pleadings and evidence, the judgment will be affirmed. In such case, errors occurring at the trial could not have been prejudicial."

Under the rule above stated, the judgment of the district court must be upheld.

AFFIRMED.