MARJORIE HOLBERG, APPELLANT, v. CHARLES W. McDONALD, APPELLEE.

289 N. W. 542

FILED JANUARY 5, 1940    No. 30674.

*Morrow & Miller,* for appellant.

*Neighbors & Danielson, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and KROGER and ELLIS, District Judges.

ELLIS, District Judge.

In this case the plaintiff, a minor, sues to recover for personal injuries sustained while riding in the automobile of defendant as a guest of his son.

The cause is necessarily controlled by the guest statute, section 39-1129, Comp. St. Supp. 1937.

At the close of plaintiff's evidence defendant moved for a directed verdict on the ground that the evidence failed to show gross negligence on the part of the driver of defendant's car. This motion was overruled and at the close of all the evidence the cause was submitted to the jury who returned a verdict for the defendant. From the overruling of plaintiff's motion for new trial and dismissal of plaintiff's cause of action this appeal was taken.

Errors assigned will be stated in connection with discussion following.

The plaintiff complains of the trial court's ruling permitting answer to the following question put to the defend-

ant while a witness in his own behalf: "Q. From your experience as a driver and observing Donald drive do you know whether or not he is a prudent and careful driver? Mr. Morrow: Objected to as incompetent, irrelevant and immaterial. The question is what he did on this occasion. The Court: Overruled. A. He was a careful driver."

We think the overruling of the objection and admission of the answer was clearly erroneous. "In a civil action the character or reputation of a party is deemed by the law to be irrelevant in determining the merits of the controversy." Jones, Evidence (4th ed.) 257, sec. 148. The reputation of a driver and his conduct at other times and places are not reliable or safe criterions by which to determine what his conduct was at a particular time and place.

Most automobile drivers operate their vehicles over many thousands of miles without accident and in the presence of the ever-present hazard of other traffic, and yet we are appalled by too many thousands of serious accidents. This situation justifies the conclusion that most motor vehicle accidents chargeable to man-failure are due to lapses from the customary skill and care of the drivers involved. A very poor or careless driver may have been wholly free from fault in the particular instance involved and, likewise, the most skilful driver, accustomed to exercising the utmost care, may be grossly negligent on one particular occasion. In either situation, to hold that the rights and liabilities of the parties should be determined, not solely by what they did, but by their conduct on other occasions and in different situations would put us on a tortuous trail— tedious, difficult and expensive to follow, and leading in the end only to intolerable injustice.

The appellee cites no cases from this jurisdiction directly supporting his contention that the evidence was properly admitted. We have examined the cases cited from this jurisdiction, which appellee contends support the trial court's ruling, and conclude that they are not analogous in principle and do not conflict with our conclusion herein. The appellee cites cases from other jurisdictions which appear to directly

support his position. As to these, we can only say that we do not agree with the conclusions therein reached and are unwilling to adopt the rules therein announced as rules applicable to this state.

We conclude that the ruling complained of was erroneous and that ordinarily the ruling would require reversal. However, this conclusion does not necessarily require reversal. Comp. St. 1929, sec. 20-853. By reason of the statute which imposes a salutary rule upon the court, we are not required to reverse a cause if the ultimate result reached is the only one that could be reached on the record and uninfluenced by errors that may be found. This court has frequently held that, where the conclusion reached by the jury was the only one permissible under the pleadings and evidence, the judgment will be affirmed. See *Patrick v. Shallcross,* 123 Neb. 742, 243 N. W. 907, and cases cited therein. The error above discussed occurred while defendant was putting in his evidence and therefore did not prejudice the plaintiff in the presentation of her evidence.

The other errors complained of relate to the given or refused instructions. We will therefore proceed to a consideration of plaintiff's case with a view to determining whether it is sufficient to entitle plaintiff to go to the jury or recover in any event, bearing in mind that plaintiff was under the burden imposed by the guest statute of showing such negligence on the part of defendant's son as would justify a jury in finding that it constituted gross negligence.

The accident in question occurred November 28, 1937, at about 10:15 o'clock in the evening about 1½ miles west of Morrill on a straight, level, oiled highway. The night was clear, but no moon was shining. The defendant's car collided with the rear end of a truck with a dark green beet-box on it. The truck had stopped because of light failure with at least the left wheels on the pavement. The cab of the truck was a green or gray color. The driver of the truck had not had time after stopping to put out his flares and the evidence affirmatively shows that the truck had no

lights burning. The rear of the box had a red glass reflector on the left side, but it was 4 or 5 feet or more above the pavement. The right-hand windshield and door post of defendant's car struck the left rear corner of the beet-box and the truck was moved forward by the impact 20 or 25 feet. After the impact the defendant's car moved to the left past the truck and then to the right, ending up in the borrow pit on the right side of the road some distance ahead of the truck. The box on the truck was about 4 or $4\frac{1}{2}$ feet above the pavement. There was no damage to the radiator of defendant's car, indicating that the car was either turned so that the radiator did not come in contact with the box or else the radiator passed under the box.

The defendant's son and a young lady were riding in the front seat and plaintiff and another young man were riding in the back seat. The plaintiff testified that they stopped at a stop sign on the west edge of Morrill, that the driver shifted gears and then put his arm around the young lady riding in the seat with him. This was the last thing plaintiff remembered. Likewise, the other young lady remembered nothing after the driver shifted gears following the stop for the stop sign and the driver put his arm around her. When asked if she told him to take his arm from around her, she answered that she did not because she did not have time. If this incident occurred immediately following the shifting of gears following the stop for the stop sign on the west side of Morrill, it must have been a mile or more from the point of the collision. Perhaps there was time for such a request. This young lady did not see the truck, but she did not remember whether she was looking down the road or not.

On the evidence, considered in the light of the many decisions of this court involving the guest statute, we think the trial court should have sustained defendant's motion for directed verdict on the ground that as a matter of law it was insufficient to show gross negligence on the part of defendant's son, as required by the statute. The most that can be claimed for plaintiff's evidence is that the driver was

negligent in not seeing the truck in time to avoid a collision with it. Considering the color of the truck cab and box, the height of the box from the pavement, the entire absence of lights and the movement of the car at and immediately following the impact, we conclude that the negligence of the driver did not reach the degree required by the statute.

The law of this state provides that head-lamps of a motor vehicle shall be deemed to comply with legal requirements "if none of the main bright portion of the head-lamp beam rises above a horizontal plane passing through the lamp centers parallel to the level road upon which the loaded vehicle stands and in no case higher than *forty-two inches*, seventy-five feet ahead of the vehicle." Comp. St. Supp. 1937, sec. 39-1176. (Italics ours.) The law does not contemplate that unlighted vehicles shall be standing on highways at night, and if the driver's lights were on the high beam as he approached the truck with the bulk of its body above the high beam, we do not think his failure to see it rises above ordinary negligence upon such a finding by a jury.

The car in which the plaintiff was riding was traveling west and plaintiff's evidence discloses that a car going east passed the truck just as the truck driver was "going to stop." This car must have met the defendant's car and very shortly before the collision. In the absence of evidence to the contrary, there arises a presumptive inference that defendant's driver complied with the law by dimming his lights on meeting the other car. If, following this operation, he had not restored his lights to the high beam, there would be yet more reason for our conclusion.

So far we have refrained from considering any of the evidence offered by the defendant. With reference to it, it will suffice to say that disinterested drivers who approached the truck from the west at and immediately following the collision stated their own failure to see the truck until right upon it, confirmed the extremely low visibility of the truck and dimming of the lights on defendant's car. One witness thought the driver of defendant's car dimmed his

lights before the driver of the car in which the witness was riding and this 200 yards away. The collision followed almost immediately.

In *Monasmith v. Cosden Oil Co.,* 124 Neb. 327, 246 N. W. 623, this court said: "Where an object on a highway in front of one driving thereon at night is so nearly the color of the road that it may be difficult to distinguish it until quite close, it cannot be said, as a matter of law, that such person was guilty of more than slight negligence in his failure to see it in time to stop his car or to prevent running against it." See, also, *Giles v. Welsh,* 122 Neb. 164, 239 N. W. 813.

The appellant cites the case of *Hendren v. Hill,* 131 Neb. 163, 267 N. W. 340, as supporting her contention that defendant's son was guilty of gross negligence as a matter of law. We think the following facts from that case clearly distinguish it from plaintiff's case: In that case the night was clear and the moon was shining. The defendant's car had good lights and was traveling at high speed—40 to 50 miles an hour. The defendant's car struck the parked car squarely and carried it 100 feet. The defendant was not meeting any other car. *There was a sharp conflict in the evidence as to whether there were lights on the parked car.* The occupants of other cars passing the parked car before the accident saw it and saw it distinctly enough to recognize a household mattress tied on the back of it.

Concluding, as we do, that there was no error prejudicing the plaintiff in the presentation of her evidence and that the verdict of the jury was the only one that could be sustained on that evidence, the judgment of the trial court is

AFFIRMED.