DONALD W. SPRACKLIN, APPELLEE, v. OMAHA TRANSIT CO., SUBSTITUTED DEFENDANT FOR OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, A CORPORATION, APPELLANT.

76 N. W. 2d 234

Filed April 6, 1956. No. 33872.

*William P. Mueller* and *Kennedy, Holland, DeLacy & Svoboda,* for appellant.

*Pilcher, Haney & Howard,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

A motor bus of appellant operated in the conduct of its business of transporting persons within the city of Omaha and an automobile operated by appellee collided on or near the intersection of Maple and Sixty-ninth Streets. The collision was proximately caused, as appellee charges, by negligence of appellant. Injuries were thereby inflicted on the person of appellee

and he was compelled to incur liability for medical and hospital services. He seeks by these proceedings compensation for his injuries and expenditures.

A motion to direct a verdict or to dismiss the case was interposed by appellant when the evidence of the parties was concluded. The motion specifically and separately detailed each of the reasons upon which it was made. The motion was denied and the case was submitted to the jury. It returned a verdict for appellee. Judgment was rendered thereon and a motion for judgment notwithstanding the verdict was overruled.

The substance of the petition of appellee is as follows:

He was driving his automobile west on Maple Street near its intersection with Sixty-ninth Street in Omaha on January 31, 1954, at about 1:20 a. m. A bus of appellant was moving south on Sixty-ninth Street immediately north of the intersection. It did not obey the warning of a stop sign located near the northwest corner of the intersection before it traveled into and upon it. The bus failed to allow westbound traffic to cross the intersection before it moved into it. The bus proceeded into it directly in and across the lane of the highway in which appellee was operating his automobile towards the west and thereby caused it to collide with the left side of the bus and appellee to receive severe injuries from which he suffered disability. An ordinance of Omaha provides that where a stop sign has been placed at an intersection it is unlawful for the operator of a vehicle to proceed past it until he has brought the vehicle to a complete stop at the stop sign. Appellant negligently failed to stop the bus before it entered upon Maple Street; failed to allow the right-of-way to appellee as he traveled west on Maple Street, a favored street with the right-of-way in his favor; failed to keep a proper lookout for other vehicles on Maple Street, including the automobile of appellee proceeding west at the time and place of the accident; and failed to ascertain that the bus could safely enter

and travel upon the intersection before it was driven into Maple Street.

Appellant denied the claims of appellee as made in the petition and charged that the collision of the vehicles was the proximate result of the negligence of appellee and that his negligence was more than slight. The reply of appellee denied the charge of appellant that appellee was guilty of contributory negligence which proximately caused the accident.

Appellant makes two assignments of error: That the district court erred in denying the motion made by it at the close of the testimony that the case should be resolved as a matter of law for it; and that the court erred in overruling the motion of appellant for judgment notwithstanding the verdict. The challenge of the legality of the judgment by appellant is tantamount to saying that it is not sustained by sufficient evidence.

Appellee produced evidence of this version of the happenings important to this case:

Appellee was at the time of the accident 24 years of age, unmarried, and the owner of a 1951 Dodge automobile purchased by him about 6 months prior to the accident. The collision of his automobile and the bus of appellant was about 1:20 a. m., Sunday morning, January 31, 1954. He met his brother Saturday night at a bar and took him home. Appellee then went to an automobile service station where he was employed on a part-time basis at Seventy-third and Dodge Streets. He was not working that night but he remained there until probably 11 p. m., and then went to the bar where he had met his brother and drank beer. He then visited Steve's Grill about a block from the bar and had a light lunch. He departed from there about 1 a. m.

He was required to wear eyeglasses. His vision without glasses was 20-40 and with them 20-20. He had been involved in two previous automobile accidents, one on November 8, 1953, when he hit an automobile in

the rear, and the other December 1, 1953, when a taxi was involved in the accident.

He left Steve's Grill, traveled to Maple Street, and west thereon at a speed of 25 miles per hour. His statement is that he did not exceed 25 miles per hour at any of the time important to this litigation. Maple Street extends east and west. It is a favored, paved street 40 feet wide with four lanes and protected by appropriate traffic signs. He passed a car as he came over the crest of a hill near Sixty-seventh Avenue. He proceeded west down the hill in the passing lane immediately to the north of the center of the street toward Sixty-ninth Street. It was a clear, bright night. The street was dry, in good condition, and there was no interfering traffic along the street near where the accident happened. When he was 125 to 150 feet east of Sixty-ninth Street he first saw the bus of appellant about 15 feet north of the north boundary of Sixty-ninth Street. It was traveling south toward Maple Street at a speed of 3 or 4 miles per hour. He removed his foot from the gas feed of his automobile and placed it on the brake pedal but did not apply the brakes on his car.

There was a stop sign near the northwest corner of the intersection of Sixty-ninth and Maple Streets about 10 feet north of the north side of Maple Street and close to the west curb of Sixty-ninth Street. The bus did not stop at the stop sign but continued to move forward toward the south into the intersection of the streets. Appellee was then 80 or 90 feet east of the east curb of Sixty-ninth Street. The speed of the bus was increased suddenly as it came into the intersection to about 10 to 12 miles per hour and traveled in a southeasterly direction. Appellee applied the brakes on his automobile when he saw the bus was not going to stop before moving into the intersection. His brakes were in good condition but because of the condition of the surface of the street they were not entirely effective and the speed of his automobile was only reduced to

20 miles per hour and it and the bus collided. The point of contact was 3 or 4 feet behind the front wheel of the left side of the bus. The front of the automobile and the side of the bus came in contact and both were severely damaged. Appellee was rendered unconscious and remained in that condition until sometime Sunday when he regained consciousness in the hospital. He was severely injured by the collision.

The bus was about 35 feet long and 8 feet wide. Its front at the time of the collision was about on a line with the east curb of Sixty-ninth Street and the front of the bus was variously estimated by appellee as having been then 8 feet south of the center of Maple Street, 3 or 4 feet north of the south curb of Maple Street, and about even with the curb line of Sixty-ninth Street south of Maple Street. An officer who was at the scene soon after the accident and before the vehicles had been moved and who investigated the accident said there was a skid mark made by the left wheels of the car of appellee approximately on the center line of Maple Street extending for a distance of 93 feet back from where the automobile was stopped by its collision with the bus. The skid mark was 19 feet 8 inches north of the south curb of Maple Street. The officer said the right front wheel of the bus was 3 feet 8 inches south of the south curb of Maple Street. The bus was on a very slight angle with its front toward the south and slightly to the east. The east curb of Sixty-ninth Street north of Maple Street is about 2 feet east of the west curb of Sixty-ninth Street south of Maple Street. The officer said that he saw appellee at the hospital after the accident; that he smelled his breath; and that he had been drinking some kind of alcoholic beverage. Appellee said he did not change his position on the street as he approached and contacted the bus; he continued west in the lane north of and adjacent to the center of the street.

An ordinance of Omaha was placed in evidence. It

provides that where stop signs have been placed at any intersection it is unlawful for the operator of a motor vehicle to proceed past such stop sign until he has brought his vehicle to a complete stop at the stop sign. The driver of the bus said that there was a stop sign just west of the curb on Sixty-ninth Street and about 10 feet north of the north curb of Maple Street, and that he by it was required to stop before proceeding into the intersection of the streets.

The evidence produced by appellant concerning the things that transpired before and at the time of the accident and the cause of it is sharply in conflict with what was produced by appellee. It tends to show the following:

Appellee was seen to cross the intersection of Sixty-third and Maple Streets as he proceeded west to the place of the collision between his automobile and the bus at about 50 miles per hour. The witness who saw appellee at that time said that his car sounded like it was being operated in second gear. The witness turned from Sixty-third Street into Maple Street and followed appellee. He disappeared over a hill and the witness heard a crash. He continued west over the hill and saw that there had been an accident involving the automobile of the appellee and the bus.

Appellee passed a motorist, who was traveling about 27 miles per hour west on Maple Street, at about Sixty-seventh Avenue. When the motorist reached Sixty-eighth Street the collision of the car of appellee and the bus occurred. It caused a loud crash that was plainly heard by the motorist. The car of appellee when it passed the motorist was going fast. The front end of the bus was then about in the middle of Maple Street and it continued to move toward the south until the collision. The distance from the crest of the hill on Maple Street near Sixty-seventh Avenue to Sixty-ninth Street is slightly more than 1,000 feet. The distance between the west curb of Sixty-seventh Avenue and the east curb

of Sixty-eighth Street is about 236 feet. The distance between the east curb of Sixty-eighth Street and the east curb of Sixty-ninth Street south of Maple Street is about 380 feet.

The bus involved in the accident was on the Benson-Ak-Sar-Ben run and it ended on Sixty-ninth Street north of Maple Street about 40 feet where there was a short layover before beginning another trip on the assigned run. The headlights were turned off during the layover but the interior and marker lights were on. At the start of the trip shortly before the accident the operator of the bus put on the headlights, drove it to the location of the stop sign near the northwest corner of the intersection, and brought the bus to a complete stop. He looked west and east for any traffic on Maple Street. There was none from the west. There was an automobile at about Sixty-eighth Street approaching from the east at 20 to 25 miles per hour. The bus was then moving toward the intersection of Sixty-ninth and Maple Streets and when the front end of it was at about the center of Maple Street the operator saw another automobile coming from the east passing the first automobile he had seen. The second automobile was the car of appellee. It was 200 to 300 feet to the east of the bus when it was first seen by the operator and it was traveling at an estimated speed of 50 miles per hour about in the center of Maple Street. The operator accelerated the speed of the bus in an attempt to clear the street and escape the fast-moving automobile of appellee. The bus came into the intersection at about 3 miles per hour and the maximum speed it attained before the accident was about 8 miles per hour.

The front end of the bus was south of the south curb of Maple Street when the automobile of appellee hit it with a terrific crash on its left side about 4 feet back of the left front wheel and opposite the location of the motor of the bus. The left wheels of the automobile made a skid mark 93 feet long before it hit the

bus and its speed was only decreased 5 miles per hour after its brakes were applied. The impact of the car with the bus threw the operator out of his seat and his head hit the glass on the driver's side and shattered it. Another driver for appellant was in the bus on his way home from work. He was standing up and was thrown around the inside of the bus. The bus and its motor were badly and extensively damaged as was the automobile of appellee. The bus did not move after the collision. It was 34 feet long, a fraction less than 8 feet wide, and its weight was 15,260 pounds.

The issues of this case are negligence, contributory negligence, and proximate cause. The jury resolved all issues of fact favorably to appellee. The evidence as to each is conflicting. A conclusion that any of them may be resolved as a matter of law is not justified.

A motion for a directed verdict or for a judgment notwithstanding the verdict is, for the purposes of a decision thereof, an admission of the truth of material and relevant evidence on behalf of the party against whom the motion is directed, and he is entitled to have each controverted fact found in his favor and to have the benefit of fair inferences deducible from the evidence. If there is evidence sufficient to sustain a finding for the party who has the burden of proof in an action triable to a jury the trial court may not disregard the proof and decide the case as a matter of law. If the evidence is conclusive that negligence of the plaintiff is more than slight as compared with the negligence of defendant the trial court may instruct a verdict or dismiss the action. If reasonable minds may disagree on the issue of the exercise of the reasonable care required of an operator of an automobile under the circumstances of the situation in question the issue of negligence of the operator is one of fact to be decided by the jury. The court should, in a negligence case, grant a motion for an instructed verdict or for a judgment notwithstanding the verdict only if the evidence, viewed most favorably to the party against whom

the motion is directed, is insufficient to sustain a verdict for him. Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367; Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576, 42 A. L. R. 2d 1; Shields v. County of Buffalo, 161 Neb. 34, 71 N. W. 2d 701; Griess v. Borchers, 161 Neb. 217, 72 N. W. 2d 820; Parsons v. Cooperman, 161 Neb. 292, 73 N. W. 2d 235. The court properly denied the motion of appellant for an instructed verdict or for a dismissal of the cause as a matter of law and the court properly overruled the motion of appellant for a judgment notwithstanding the verdict.

The judgment of the district court should be and it is affirmed.

AFFIRMED.