PAULINE EVERETT, APPELLANT, V. GEORGE H. HENING,
APPELLEE.

118 N. W. 2d 639

Filed December 28, 1962. ·No. 35260.

Burbridge & Burbridge and Arthur C. Thomsen, for appellant.

Gaines, Spittler, Neely, Otis & Moore, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action at law instituted in the district court for Douglas County, Nebraska, wherein Pauline Everett, plaintiff and appellant, seeks to recover damages from George H. Hening, defendant and appellee, for injuries which she alleges were caused by the negligence of the defendant. The case was tried to a jury. A verdict was returned in favor of the defendant and judgment was rendered on the verdict. A motion for new trial was duly filed, which motion was overruled. From the judgment and the order overruling the motion for a new trial the plaintiff has appealed.

The cause of action grew out of a collision between an automobile operated by the plaintiff and one operated by the defendant on North Fifty-second Street in Omaha,

Nebraska, a short distance north of the intersection of this street with Pratt Street, at about 11:15 p.m., on February 26, 1960. Immediately before the collision and up to and including the time of collision the defendant was operating his automobile in a southerly direction on the west or his right-hand side of Fifty-second Street. Before the collision plaintiff operated her automobile in a northerly direction on the east or her right-hand side of Fifty-second Street. In the vicinity of the intersection of Fifty-second and Pratt Streets, because of the automobile of the plaintiff coming upon ice in the street, her automobile was caused to careen westward out of the proper lane of plaintiff into the proper lane of the defendant where its left front wheel ran into a snowbank or ridge at the west edge of the southbound lane of traffic, where it stopped. At that point the front end of this automobile and the front end of the automobile of the defendant came into collision. The foregoing is a reflection of evidence which is not in dispute.

The substantial theory of the plaintiff's claim of right to recover damages is that the defendant was negligent in the following particulars: That he failed to have his automobile under proper control; that he failed to apply his brakes and stop his automobile; that he failed to keep a proper lookout; that he failed to operate his automobile in a cautious and prudent manner under the existing circumstances and conditions; and that he failed to see plaintiff's automobile which, in the exercise of reasonable care he should have seen in time to avoid striking it.

To support her claim plaintiff gave testimony in substance that on the night in question Fifty-second Street was open for traffic in both directions and that she was going north at a speed of between 20 and 25 miles an hour. She stated: "As I was driving north on 52nd Street, I had gone into a skid which threw my car from side to side and it ended in a snowbank. As I was in the snowbank I could not move my car or get it out of there

and then——." This was on the west side of the street, and she said: "My car had swayed over to the west side of the street into the snowbank." She testified further that the skid was caused by striking ice which was on the right side of Fifty-second Street and "more to the north" of the intersection with Pratt Street. She testified further that there was an oncoming car which did not appear to slow down. At the time she hit the snowbank the car was still approaching and it appeared to be "about two and a half or three houses away," or about a half a block away. She gave testimony that she had crossed the street and struck the snowbank, and just about that time or a second or so later the defendant's car struck her.

There is no certainty as to the distance the automobile of plaintiff traveled after it started to skid, and no descriptive information as to the manner in which it careened and skidded. There is no information as to where it was when it left the east side of Fifty-second Street and passed over into the path of the defendant's automobile. There are estimates of total distance traveled after starting to skid of from 60 to 175 feet to the north. There is no evidence of measurements taken. The witness who testified to the 175-foot distance reduced his estimate to about 60 feet. The best information given was that plaintiff's automobile stopped in front of the second house north of Pratt Street.

The husband of the plaintiff was following her in another automobile. He testified that he observed the lights on the automobile of the defendant when it was a block away which estimate was later fixed at about 600 feet. He testified that he saw the plaintiff's automobile stop, whereupon he stopped his own automobile and proceeded to the scene. He testified that the collision took place in 10 to 15 seconds of the time plaintiff's automobile came to a stop. He based his estimate on the time it took him to open the door of his own automobile, get out, and straighten up.

There are other details in the evidence adduced by the plaintiff but the foregoing contains that which is basic in the consideration of whether or not the defendant was proved guilty of any of the incidents of negligence charged against him.

On the trial several witnesses were called to testify on behalf of the defendant as to incidents involved in the collision and immediately prior thereto, and, of course, if there was anything in that evidence which could be said to be in favor of the plaintiff she was entitled to have the benefit of it in a consideration of whether or not she had established prima facie proof of her cause of action. Without going into a review of this evidence it will be stated that in the evidence on behalf of the defendant there is nothing which tended to prove the negligence charged against the defendant.

The brief of plaintiff contains six assignments of error which she contends are grounds for reversal of the judgment, but before considering them, if they require consideration, the question of whether or not there was sufficient proof of negligence to require submission of that question to a jury must be determined. At the conclusion of the evidence of the plaintiff, at the conclusion of the evidence for the defendant, and again at the conclusion of all of the evidence a motion was made by the defendant for a directed verdict. These motions were each overruled.

This requires consideration first herein of the question of whether or not the evidence was sufficient to sustain a verdict in favor of the plaintiff. This question must be measured by the rule that where the conclusion reached by the jury was the only one permissible under the pleadings and evidence, the judgment will be affirmed. See, Advance Thresher Co. v. Kendrick, 91 Neb. 645, 136 N. W. 843; Patrick v. Shallcross, 123 Neb. 742, 243 N. W. 907; Holberg v. McDonald, 137 Neb. 405, 289 N. W. 542; Eilts v. Bendt, 162 Neb. 538, 76 N. W. 2d 623.

As already pointed out the plaintiff has set forth five specifications of alleged negligence against the defendant. Before discussing them in relation to what appears in the record, attention is directed to the incidents of operation of plaintiff's automobile from the time of the commencement of skidding until the automobile came to rest in the snowbank. The skidding started in the east driving lane of Fifty-second Street and ended in the west driving lane. It of course crossed over but where, how, and what course it took in crossing cannot be ascertained from the record. This all rests in the realm of conjecture and speculation except that it stopped in the lane proper for movement of the automobile of the defendant and out of the lane recognized as the one for proper movement of the automobile of plaintiff.

With this and all the other evidence in mind, it is only on the basis of conjecture and speculation that the jury could come to a conclusion that the defendant failed to have his automobile under proper control; that he failed to apply his brakes or had time and opportunity to apply them; that he failed to keep a proper lookout; that he failed to operate his automobile in a cautious and prudent manner under the circumstances and conditions disclosed; or that he failed to exercise reasonable care to see the automobile of plaintiff and to stop and avoid striking it.

The applicable rule is the following: "The burden of proving a cause of action or defense is not sustained by evidence from which the jury can arrive at its conclusion only by mere guess or conjecture." Grosvenor v. Fidelity & Casualty Co., 102 Neb. 629, 168 N. W. 596. See, also, Hayes v. Chicago, B. & Q. Ry. Co., 131 Neb. 687, 269 N. W. 623.

This being true the district court should have sustained the motion of the defendant for a directed verdict. The rule is stated in Spracklin v. Omaha Transit Co., 162 Neb. 351, 76 N. W. 2d 234: "The trial court may, in

a negligence case, grant a motion for an instructed verdict or for a judgment notwithstanding the verdict if the evidence, considered most favorably to the party against whom the motion is directed, is insufficient to sustain a verdict for him."

The rule of law that where the conclusion reached by the jury was the only one permissible under the pleadings and evidence the judgment will be affirmed is applicable, and in the light of this a specific consideration of the assignments of error contained in the plaintiff's brief is not required.

For the reasons set out herein the judgment of the district court is affirmed.

AFFIRMED.