THE J. R. WATKINS COMPANY, A CORPORATION, APPELLANT, v. DELL K. WILEY ET AL., APPELLEES.

165 N. W. 2d 585

Filed March 7, 1969. No. 37087.

Moyer & Moyer and Mapes & Mapes, for appellant.

McFadden & Kirby, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action on a contract. Dell K. Wiley became a dealer for plaintiff The J. R. Watkins Company and entered into the retail sale of plaintiff's products. He defaulted in payment for goods purchased and judgment against him was obtained by plaintiff. The present action is against defendant Fearn R. Bartee, a surety on

the Wiley contract with plaintiff. Defendant contends his signature on the contract was fraudulently obtained. Verdict and judgment for defendant were entered in the trial court and plaintiff appeals.

Defendant admitted the execution of the contract. The undisputed evidence shows that Wiley was employed on defendant's farm but did not reside there. Wiley wished to become a Watkins dealer. Whether or not he and other sureties had signed the contract at the time defendant did so is not clear. A stranger to defendant called at his home and assured him the instrument to be signed was simply a recommendation of Wiley. Defendant signed the instrument, relying on the representation made, took it to his house, and had his wife sign it. A copy of the contract was left with defendant. Defendant can neither read nor write but his wife can. The individual who called on defendant has not been identified. The only direct evidence that he was an agent of plaintiff is found in defendant's testimony. Defendant testified in regard to this person: "Q. Did he say anything to you about being with the Watkins Company? * * * A. Yes." Objection was made to this question and overruled. The court stated: "I think that what he said may become quite material here, but there might be a question as to whether or not his representation of agency make it such. Subject to its being connected up and the agency being established, the evidence will be received.

"I think that his statements and representations generally speaking out there would be quite material." Objection was renewed at the end of defendant's testimony and ruling deferred. No further ruling appears, but the court instructed: "However, since available evidence upon this subject is limited, the Court submits to you the question of whether or not the person who allegedly induced Fearn Bartee to sign Exhibit 1 was an agent or representative of plaintiff with authority to procure

signatures to such agreements. Agency could not be established by what this person said."

A representative of plaintiff testified that plaintiff had no agents in the area who were authorized to obtain dealer's contracts. Its dealers were customers, not agents. The form of contract in question is furnished to dealers and dealers sometimes contact prospective new dealers. A dealer *may have* dealt with defendant. Who forwarded the contract to plaintiff does not appear.

Evidence of the declaration of the alleged agent regarding his representation of plaintiff was erroneously admitted. "The declarations of an alleged agent are not admissible in evidence for the purpose of establishing or enlarging his authority." Fitzgerald v. Kimball Bros. Co., 76 Neb. 236, 107 N. W. 227. See, also, Rodine v. Iowa Home Mut. Cas. Co., 171 Neb. 263, 106 N. W. 2d 391; Anoka-Butte Lumber Co. v. Malerbi, 180 Neb. 256, 142 N. W. 2d 314. Under the circumstances presented, the error was not cured by the instruction given.

Two other rules appear to be pertinent. " '* * * The party alleging the existence of the agency relationship assumes the burden of proving the agent's authority and that the acts of the agent, for which liability against the principal is sought, must be shown to be within the scope of the agent's authority.' " Nebraska Tractor & Equipment Co. v. Great Lakes Pipe Line Co., 156 Neb. 366, 56 N. W. 2d 288. The burden of proving agency in this case rested upon the defendant and since he sought to establish agency by circumstantial evidence, he is required to comply with the rules pertaining thereto. "* * * circumstantial evidence is not sufficient to sustain a verdict depending solely thereon for support, unless the circumstances proved by the evidence are of such nature and so related to each other that the conclusion reached by the jury is the only one that can fairly and reasonably be drawn therefrom." Popken v. Farmers Mutual Home Ins. Co., 180 Neb. 250, 142 N. W.

2d 309. See, also, Mullikin v. Pedersen, 161 Neb. 22, 71 N. W. 2d 485.

In the present instance, an unidentified stranger is said to have perpetrated the fraud upon the defendant. Not only was such party not identified, but no connection between this person and plaintiff was shown. Ordinarily, when a principal to a contract is required to furnish a surety for his performance of the contract, it is such principal, and not the other contracting party, who seeks out the surety. Under the evidence in this case, it is entirely possible, and indeed logical, that Wiley would have sent someone to obtain defendant's signature as surety for him. The evidence merely establishes a *possibility* that such person was representing plaintiff. It is highly speculative and insufficient to support the verdict returned by the jury.

The judgment of the district court must be reversed and the cause remanded with instructions to enter judgment for plaintiff for the amount due on the contract.

REVERSED AND REMANDED.