DAPHNE Y. HAYNES, APPELLANT, v. COUNTY OF CUSTER, APPELLEE.

186 N. W. 2d 483

Filed April 23, 1971. No. 37731.

Tedd C. Huston, for appellant.

Earl C. Johnson, Kenneth H. Elson, and James D. Livingston, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a personal injury action. Plaintiff drove onto a county bridge which had been previously broken down and received the injuries complained of. Following trial to a jury, verdict and judgment were entered for the defendant county. We affirm the judgment of the district court.

The accident occurred on October 14, 1966, when

plaintiff drove onto the bridge in a 1965 Chevrolet sedan. She did not see the bridge was down until too close to avoid driving on it. It was a 32-foot bridge, 20 feet in width, sustained by pilings and caps at each end and spanned by 14 stringers, 32 feet in length, 4 inches thick, and 16 inches wide, placed on edge. This would indicate the stringers were centered at approximately 18-inch intervals. The bridge was officially rated at 15-ton capacity and although it was known to regularly sustain traffic by heavy trucks, it was deemed by the county officials to be adequate and had, in fact, adequately sustained all traffic since its construction in 1936. It had been repaired occasionally and had been thoroughly inspected by the county bridge superintendent in March of 1966 at which time no defects or weaknesses were observed.

Inspection following the accident indicated all 14 of the stringers had been broken down at approximately the center of the bridge. A witness for plaintiff stated he observed, at that time, some old cracks in two of the stringers. The county bridge superintendent, bridge foreman, and two employees who dismantled the bridge and hauled away the broken timbers testified that the only breaks in the stringers were new breaks. The superintendent and the chairman of the county bridge committee testified that no complaints had been received regarding the condition of the bridge. One of plaintiff's witnesses stated that although he frequently used the bridge, he had not noticed any defects in it prior to the accident.

The allegations of negligence in plaintiff's petition charge only that the bridge was defective. There is no evidence whatsoever indicating what or who caused the bridge to collapse or when it occurred. There is no evidence to support a charge of negligence in failing to warn of the collapsed bridge or to repair it. Plaintiff necessarily relies on the allegations that it had been in a defective condition for some time and that this was

a proximate cause of its collapse. The only evidence in the record to support this theory is that of the witness who stated there were some old cracks in the two south stringers. Plaintiff necessarily relies on an inference that this was the cause of the bridge breaking down notwithstanding only 2 of 14 stringers are alleged to have been so affected and that the extent and seriousness of the alleged old cracks or splits do not appear. It is just as reasonable to infer, under the circumstances, that the bridge fell due to being subjected to an extraordinary and unforeseen stress. It is not shown that these alleged defects were, prior to the breaking of the timbers, of an apparent, as distinguished from a latent, nature nor that they had existed for such a length of time that they might reasonably have been expected to be discovered.

In Popken v. Farmers Mutual Home Ins. Co., 180 Neb. 250, 142 N. W. 2d 309, it is said: "Where several inferences are deducible from facts presented, which inferences are opposed to each other but equally consistent with the facts proved, the plaintiffs do not sustain their position by a reliance alone on the inferences which would entitle them to recover." In that case it was further said: "Circumstantial evidence is insufficient to warrant a recovery in a civil case unless the circumstances proved are of such a nature and so related to each other that only one conclusion can be reasonably drawn therefrom." See, also, Howell v. Robinson Iron & Metal Co., 173 Neb. 445, 113 N. W. 2d 584; J. R. Watkins Co. v. Wiley, 184 Neb. 144, 165 N. W. 2d 585. We are unable to agree that the evidence is sufficient to establish that the defendant negligently maintained a defective bridge and that this was a proximate cause of the accident. Defendant's motion for a directed verdict might well have been sustained.

In view of the foregoing conclusion, any error resulting from the exclusion of evidence by the trial court of the county officials having been told that "the bridge

needed fixed (sic)" is not prejudicial but harmless in nature. This evidence would only serve to show notice to the defendant of a possible defect in the bridge but is insufficient to establish the existence or nature of any defect proximately causing the collapse of the bridge. Likewise, error, if any, in the giving or refusal of instructions is immaterial.

"In a case where the conclusion reached by the jury was the only one permissible under the pleadings and evidence, the judgment will be affirmed." Everett v. Hening, 174 Neb. 573, 118 N. W. 2d 639.

The judgment of the district court is affirmed.

AFFIRMED.