ELTON GILES, APPELLEE, V. JUSTIN WELSH ET AL.,
APPELLANTS.
LORNE AMOS, APPELLEE, V. JUSTIN WELSH ET AL.,
APPELLANTS.

FILED DECEMBER 31, 1931. Nos. 28059, 28060.

*Frank Kelly* and *Crofoot, Fraser, Connolly & Stryker,* for appellants.

*Schaper & Runyan* and *Allan F. Black, contra.*

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

PER CURIAM.

Both of the above entitled actions arose out of a collision between an automobile owned by plaintiff Giles and a truck owned by defendant Sargent Auto Company, operated by Justin Welsh. At the time of the accident, plaintiffs Giles and Amos were in the former's car, with the latter driving. Each plaintiff had judgment, and defendants have appealed. Both actions were tried at the same time, on the same evidence, before the court without a jury, and each presents the same questions for determination.

The evidence is sharply conflicting as to some of the facts. The findings of the trial court in a law action are entitled to the same weight and effect as the verdict of a jury. All doubtful questions of fact are, therefore, resolved in favor of plaintiffs.

From the record it appears that defendant Sargent Auto Company is the owner of an oil truck, and defendant Welsh was the driver. Just before nightfall, while the truck was being driven on a highway north from Sargent, its engine became stalled and failed to operate. The truck was stopped in the traveled path on the east, or right-hand side of the highway and remained in that position for some hours. The truck was not equipped with tail lights or reflectors on the rear end. At the time of the accident its head lamps were unlighted, and there was no light of any kind displayed on the truck; nor was any one stationed at the rear of the truck to warn travelers approaching from the south, notwithstanding Welsh had with him at the time two other young men. Some time prior to the accident Welsh had, by standing in the highway and waving his arms, attempted to stop other motor vehicles. The driver of one such car coming from the south, being thus flagged or warned, drove his car past the truck and

stopped on the right-hand side of the road, 30 or 40 feet in front of the truck. The lamps on this car were lighted and threw their rays on the highway immediately in front and to the north, where there was a hill or steep grade. About 9 o'clock that night, while it was dark and misting, plaintiffs drove north on the same highway. When they were some distance from the truck they observed the light of the car parked ahead of the truck, and as they approached the place where the truck stood, a car came from the opposite direction, the light from which interfered with the vision of plaintiffs for the instant. Both plaintiffs testified that the lamps on Giles' car were burning, and that both plaintiffs were keeping a lookout on the highway, and neither of them saw the truck until their car crashed into it.

It is contended by defendants that plaintiffs were required to keep their car under such control and drive at such a rate of speed as would enable them to stop the car within the radius of their head lights, and that, not having done so, they were guilty of such contributory negligence as will defeat a recovery.

Plaintiffs failed to see the truck before the collision. Whether they were able to stop their car within the area lighted by the lamps of their car is not involved. If plaintiffs were negligent, it was because of their failure to keep a proper lookout and in not seeing the truck in time to avoid a collision.

Our comparative negligence statute (Comp. St. 1929, sec. 20-1151) provides that contributory negligence of plaintiff will not defeat recovery where the defendant's negligence is gross and the plaintiff's negligence is slight in comparison therewith. It is evident that defendants were guilty of gross negligence in leaving an unlighted truck upon the highway on a dark night, without warning of any kind to protect approaching travelers. The trial court must have determined, under the facts, that plaintiffs' negligence, if any, was slight as compared with that of defendants. Plaintiffs are entitled to recover unless

we can say, as a matter of law, from the facts disclosed, that their negligence was more than slight as compared with that of the defendants.

While plaintiffs were lawfully traveling upon the high-way, they could and did see the lights of the car that was in front of the truck. They might reasonably infer that there was no obstacle between that car and their own. Moreover, as they approached near to the location of the truck, the bright lights of a car coming from the opposite direction for an instant interfered with their vision in front. Plaintiffs were traveling at a moderate rate of speed. They were keeping a lookout. They did not see the truck until the collision.

We cannot say, as a matter of law, that plaintiffs did not act as ordinarily prudent and cautious men would have acted under like circumstances. They had a right to assume that there would be no motor vehicle without a tail light upon the highway. Their vision was momentarily inter-fered with by the light of a car coming from the opposite direction. In the light of what occurred, it is clear that it would have been much better if plaintiffs had slowed down or entirely stopped their car until the car coming towards them had passed, but we are unable to say, as a matter of law, that it was their duty so to do, under all the circumstances. While the question is a close one, we are of the opinion that the question presented is one of fact, and that the trial court's finding is conclusive.

We find no error in the record. The judgments are

AFFIRMED.