## DRAKE, Respondent, v. CITY OF MOBRIDGE, Appellant.

(243 N. W. 429.)

(File No. 7247.   Opinion filed July 8, 1932.)

*A. A. Brown,* of Mobridge. for Appellant.

*Morrison & Skaug,* of Mobridge for Respondent.

POLLEY, J.   This action was brought to recover damages for injuries suffiered by the plaintiff, both to his person and to his automobile, by driving into a hole in one of the streets in the city of Mobridge.   The accident occurred at the northwest corner of the intersection of Grand Crossing boulevard with Second Avenue East.   The boulevard is 80 feet in width; Second Avenue East is 66 feet in width.   There is a driveway 34 feet in width, graded, graveled, and maintained along the central portion of each of these streets.   Along the north side of the boulevard and the west side of Second avenue are cement sidewalks.   These sidewalks are each

5 feet in width, with a space one foot in width between the sidewalk and the lot line. On the street side of each sidewalk is a parking some 8 feet or more in width. Beyond the parking is a surface drain for the purpose of carrying off surface water. The bottom of this drain or ditch is some 30 inches lower than the level of the driveway along these streets. There is a cement crossing along the north side of the intersection crossing Second avenue; also a cement crosswalk extending along the west side of the intersection crossing the boulevard. There is a culvert under the crosswalk some 12 to 15 feet east of the lot line on Second avenue; also a culvert under the crosswalk crossing the boulevard some 15 to 18 feet south of the lot line along the north side of the boulevard. At the same distance south of the north line of the boulevard is a corrugated iron culvert extending across the driveway on Second avenue. The slope of the ground is such that water runs south along the drain on the west side of Second Avenue East; then through the culvert under the west end of the crosswalk crossing the avenue; then into the culvert crossing the avenue. The water running through the culvert under the north end of the crosswalk along the west side of the intersection also drains into the culvert crossing the avenue and then runs on to the east. A short time prior to the accident the drain at the west end of the culvert that crosses Second avenue had been cleaned out, and in doing so an opening had been dug extending into the street grade some 18 inches to 2 feet, and about 30 inches in depth.

There is a filling station at the northeast corner of the intessection. Just prior to the accident plaintiff drove out of the filling station in a westerly direction into the avenue just north of the intersection, intending to drive westerly on the boulevard. He drove across to the west side of the avenue; then turned south into the intersection; then he turned west into the boulevard; but in turning west on the boulevard he drove too close to the edge of the driveway and the right front wheel of his car dropped into the hole that had been made in cleaning out the west end of the culvert. He received some personal injury and his car was damaged. The accident took place about 4 o'clock in the afternoon on the 31st day of May, 1930. Verdict and judgment were for plaintiff, and, from such judgment and an order overruling defendant's motion for a new trial, defendant appeals.

For its defense the city alleges that the accident in which plaintiff received his injuries was caused by negligence on the part of the plaintiff, and in its brief in this court defendant assigns insufficiency of the evidence to support the verdict for the plaintiff. The accident took place in broad daylight. Plaintiff's view was in no way obstructed. He does not claim that he could not have seen the opening in the street had he been looking, but merely claims that he did not see it or know it was there until the wheel of his car dropped into it. He testified that there were two cars coming toward him from the west on the boulevard and one from the east.

At the close of the testimony defendant moved for a directed verdict upon the grounds that the undisputed evidence shows that the defendant has not been negligent in any way or in any manner, and upon the further ground that the undisputed evidence shows that plaintiff drove into an open drainage ditch in broad daylight and at a time when he could see, and that because thereof he was guilty of contributory negligence that precludes him from recovering in the case. This motion was denied, and the court submitted the question of defendant's alleged negligence, and the alleged contributory negligence of the plaintiff, on the following instructions:

"In order to entitle the plaintiff to recover in this action the evidence must show by a preponderance thereof that at the time and place in question plaintiff drove his car into the hole or ditch and thereby suffered injuries; that the said hole or ditch was on said street and was on the traveled part thereof or the part of said street maintained by the defendant for public travel; also, that the presence of said hole or ditch was due to the negligence of the city and that the city was negligent in allowing said hole or ditch to be upon the said street. * * * "

" * * * As above stated, plaintiff cannot recover in this case if the accident and injuries aforesaid were caused by his own negligence. And even though you should find that defendant was negligent if you also find that plaintiff was also negligent and that his negligence contributed with that of the defendant and helped to cause the injury, in such case plaintiff cannot recover.

"If the plaintiff saw this hole or ditch before he ran into the same and in time to have avoided it, or if, as a reasonably prudent

man under the same or similar circumstances, using the same precautions for his safety, that an ordinarily careful and prudent man would have done, he should have discovered the same, and if he ran into the said hole or ditch after he had seen the same, in time to have avoided the accident, by the use of due diligence, which he failed to exercise; or if his running into the said ditch was due to failure to exercise due care and caution, so that he failed to see the same, in such case his said act would constitute negligence."

Under these instructions the jury found by its verdict that the city was negligent in leaving the opening in the street, and that the plaintiff was not negligent in driving into the said opening; and, in order to set aside the verdict, we must hold as a matter of law either that the city was not negligent, or that the plaintiff himself was negligent and therefore not entitled to recover even though the city was negligent.

Under the evidence and all the circumstances in the case we believe the trial court was warranted in submitting both these questions to the jury. While the city is not an insurer of the safety of its streets, it is required to exercise ordinary care to keep its streets in a reasonably safe condition for travel, and, if it fails to do so, it is liable for damages to travelers caused by such failure. And we believe the jury was warranted in finding the city was negligent in leaving the opening that caused the injury in the traveled portion of the street without providing a warning of some kind to warn travelers of the danger. But appellant strenuously contends that, regardless of any negligence on the part of appellant, respondent contributed to the injury by his own negligence. True, it was broad daylight. There was no obstacle to prevent plaintiff from seeing the opening in the street; and in Taecker v. Pickus, 235 N. W. 504, 506, we said: "It is not too strict a rule of conduct to require her to see in broad daylight a plainly visible obstruction in the road in time to avoid it, or stop if necessary * * * where an accident may be avoided by looking, one is bound in the exercise of due care to look."

But this language must be interpreted in view of the facts in the case in which it was used. In that case the obstacle in the road was a pile of gravel described by the driver of the car as a "huge

pile" that "looked like a stone wall." Such an obstacle on a country road, and in the absence of ordinary street traffic and other objects to attract one's attention on a city street, is quite different from an opening in the surface of a public street in the city. Plaintiff should be held to no higher degree of care in watching for defects in the highway than defendant is in maintaining the highhway in a condition of safety. Plaintiff was not able to give his undivided attention to the surface of the driveway. His attention was partly occupied by the traffic on the street. Two cars were coming toward him from the west and one from the east. He was required to give some attention to these cars. In view of these circumstances we would not be warranted in holding that, as a matter of law, plaintiff was negligent because he failed to see the opening in the street. There was no error in submitting the question of negligence to the jury. The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.