FLOYD MONASMITH, APPELLEE, V. COSDEN OIL COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 4, 1933. No. 28327.

*Rosewater, Mecham, Burton, Hasselquist & Chew,* for appellants.

*Prince & Prince* and *Louis W. Heyde, contra.*

Heard before Goss, C. J., Dean, Good, Eberly, Day and Paine, JJ.

Good, J.

This is a personal injury action arising out of an automobile accident. Plaintiff recovered judgment, and defendants have appealed.

Numerous errors are assigned for reversal. They may be properly considered under three general headings: (1) Is the verdict supported by sufficient evidence? (2) Did the court err in refusing to give requested instructions? (3) Is the verdict excessive?

There is evidence tending to prove the following pertinent facts: Defendant Crawford is an employee of his codefendant Cosden Oil Company, and on the night of July 11, 1930, in the conduct of his master's business, he was traveling east on the Lincoln Highway. A mile or two west of Shelton, Crawford had tire trouble and stopped his car, without lights, on the south part of the traveled highway, which was 36 feet wide at that place. Crawford's car was a coupé, and at the time of the collision the lid of the rear compartment was raised, so that it covered the rear window of the car. In color the car was a faded light green, and was dusty and nearly the color of the graveled road. The night was dark. Plaintiff in a car was traveling east on the same highway, and as he approached the vicinity of Crawford's car he met a truck, coming from the opposite direction, with only one headlight. Being unable to tell whether the lighted lamp was on the right or left side of the truck, plaintiff drove to the extreme right of the road, to avoid collision with the truck, and immediately thereafter he discovered Crawford's car in front of him. Plaintiff was traveling at the rate of from 30 to 35 miles an hour. He

applied his brakes and turned his car to the left, but was unable to avoid collision with Crawford's car, and sustained the injuries of which he complains.

Plaintiff testified that he did not know how far he was from the Crawford car when he first discovered it. Being further pressed to approximate the distance, he answered: "I should judge seventy feet." Immediately thereafter, through his counsel, he asked permission to explain or correct his answer. Over objection by defendants, his request was denied. The lights and brakes on plaintiff's car were in good condition. The headlights would throw their rays on the road for a distance of 90 to 100 feet when set for ordinary driving, and 50 feet when the lights were turned to courtesy position. Whether plaintiff had turned his lights to the courtesy position at the time of meeting the truck is not disclosed. The evidence tends to show that plaintiff's car could have been stopped by the application of brakes within the distance of 50 feet when going at the rate of from 30 to 35 miles an hour.

Leaving an unlighted vehicle on highway, on dark night, without any warning, constitutes gross negligence, within the comparative negligence statute. *Giles v. Welsh,* 122 Neb. 164. The question then arises: Do the facts disclosed by the record show that plaintiff was guilty of more than slight negligence as a matter of law?

Defendants argue that it must be taken as an accepted fact that plaintiff discovered the Crawford car when he was 70 feet therefrom, and that, as his car could be stopped within the distance of 50 feet when traveling at the rate of from 30 to 35 miles an hour, plaintiff was guilty of more than slight negligence in failing to bring his car to a stop, or turning it sufficiently to the left to pass the Crawford car without collision. Whether plaintiff discovered the Crawford car when he was 70 feet distant from it we think is in doubt. He first testified that he did not know the distance, and his later answer, that he judged it to be 70 feet, was, of necessity, a mere

estimate or guess. As opposed to this guess, the evidence tends to show that his car could be stopped within the distance of 50 feet by application of the brakes, and it further shows that the brakes were applied, but that the car did not stop within the distance, from which the jury might infer that plaintiff was closer than 70 feet to the Crawford car when it was discovered; and, further, that he attempted to turn to the left to avoid the Crawford car, but was unable to turn sufficiently to avoid a collision, which might also justify the inference that plaintiff was nearer than 70 feet to the Crawford car when first seen by plaintiff.

Defendants contend that plaintiff was guilty of more than slight negligence in driving at such a rate of speed that he could not stop his car within the distance that the rays of his head lamps lighted the roadway in front of him. It may be conceded that the contention states a general rule. However, we think the precise question before us is: Under the conditions disclosed, was the plaintiff guilty of more than slight negligence in failing to see the Crawford car in time to either stop his own car or turn sufficiently to the left to avoid a collision?

Where an object on a highway in front of one driving thereon at night is so nearly the color of the road that it may be difficult to distinguish it until quite close, it cannot be said, as a matter of law, that such person was guilty of more than slight negligence in his failure to see it in time to stop his car or to prevent running against it. Under such circumstances, it presents a question of fact, to be determined by the jury. *Giles v. Welsh, supra; Tutsch v. Omaha Structural Steel Works,* 110 Neb. 585; *Day v. Metropolitan Utilities District,* 115 Neb. 711; *Pratt v. Western Bridge & Construction Co.,* 116 Neb. 553; *Cromwell v. Fillmore County,* 122 Neb. 114. It cannot be said, as a matter of law, that it is negligence for one to drive at night upon a good highway at the rate of from 30 to 35 miles an hour, when his brakes and lights are in good condition.

From every point of view, we are clearly of the opinion that the evidence was such as to require the submission of the question of contributory negligence to the jury, and its finding thereon is binding upon this court. The court did not err in refusing to direct verdict for defendants, or in overruling their request for judgment notwithstanding the verdict. The evidence is sufficient to warrant the findings of the jury on the subject of negligence and contributory negligence.

Defendants complain of the refusal of the trial court to give the whole of a requested instruction upon the subject of comparative negligence. The complaint relates to the fact that the court did not give the requested definition of slight negligence and gross negligence. The court did, however, properly define negligence, but did not undertake to define the terms "gross" and "slight," and we think it was not incumbent upon it so to do. The words "slight" and "gross" are words of common use which are understood by every one of ordinary intelligence. An attempt to define these words would have been superfluous. Any one of common sense knows that slight negligence actually means small or little negligence, and that gross negligence means just what it indicates, gross or great negligence. No error was committed in the refusal to define words of ordinary meaning which are in common, every-day use.

Complaint is also made of the failure of the court to give the sixth instruction requested by defendants. The same subject-matter was fully contained in another instruction requested by defendants and which was given by the court. There was no error in refusing to give two instructions covering the same question.

Finally, it is contended that the verdict is excessive. The amount of the verdict was $4,250. The evidence tends to show that plaintiff suffered a slight contusion of the brain, a cut on his chin, which left a scar that will last during his lifetime; that two ribs were fractured; that one of his ankles was sprained, and that one

of the semilunar cartilages in his right knee was fractured; that as a result of this fracture plaintiff, after 16 months have elapsed between the time of the injury and the trial in the court below, is still unable to use the knee without great pain, and that, unless great care is exercised, the knee will not sustain him, in consequence of which he frequently falls down; that this condition is permanent unless plaintiff submits to a surgical operation which may or may not remedy the defect and may result in leaving him with a stiff knee. There are other injuries which need not be mentioned. The evidence discloses that plaintiff was totally disabled from performing his duties for a period of several months. Under the facts as shown by the record, we think that it cannot be said that plaintiff's recovery was excessive.

No error prejudicial to defendants has been found. Judgment

AFFIRMED.