WILL, Appellant, v. MARQUETTE, Respondent

(40 N. W.2d 396)

(File No. 9086. Opinion filed December 15, 1949)

**Howard B. Crandall** and **Robert N. Swark,** Sioux Falls, for Appellant.

**Tait & Tait,** Milbank, for Respondent.

SMITH, P. J. In this action, the defendant's negligence and the plaintiff's contributory negligence were in issue. At the close of the testimony the defendant's motion for a directed verdict on the ground that plaintiff's negligence was a legally contributing cause of his injuries was granted by the trial court. The plaintiff has appealed.

Whether the evidence, viewed in the light most favorable to the plaintiff, would have warranted a verdict in his favor is the question we are to decide. Hanson v. Isaak, 70 S.D. 529, 19 N.W.2d 521 and Wolff v. Stenger, 59 S.D. 231, 239 N.W. 181.

It is the theory of plaintiff that the evidence supports the inference that his negligence was slight and that of the defendant gross in comparison and therefore he was entitled to go to the jury under Ch. 160, Laws of 1941, reading as follows: "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury."

This jurisdiction does not recognize degrees of negligence. It is settled that the words "slight negligence" are employed in the foregoing act to describe a quantum of want of such ordinary care as a reasonable man would

exercise in the particular circumstances. Friese v. Gulbrandson, 69 S.D. 179, 8 N.W.2d 438. Cf. The Theory and Operation of Comparative Negligence, 22 So.Calif. L.Rev. 276. It has been determined that the foregoing act is limited in application to cases in which the evidence warrants the inference that plaintiff was guilty of no more than slight contributory negligence. Friese v. Gulbrandson, supra; Roberts v. Brown, 72 S.D. 479, 36 N.W.2d 665. In Pierson v. Jensen, 150 Neb. 86, 33 N.W.2d 462, at page 467, in dealing with the statute from which our statute was copied, the Nebraska court has made it plain that the statute is not invoked if the contributory negligence of the plaintiff, when separately considered, is more than slight. In that case it was first written, "If the record is such that it may be said as a matter of law that plaintiff was guilty of contributory negligence more than slight then she cannot recover and the necessity for submission of the negligence of defendants did not exist." And then it was further said, "If plaintiff was guilty of contributory negligence which in itself was more than slight * * * or which by comparison with the negligence of defendants which was gross was more than slight * * * then plaintiff cannot be permitted to recover."

The difficulties in applying the rule of this statute was lately emphasized in Roberts v. Brown, supra, and need not be re-emphasized. For our present purposes it is sufficient to reiterate that the issue of contributory negligence does not become one of law for the court unless the undisputed facts are of such a nature as to impel reasonable minds to conclude that the variation in plaintiff's conduct from the standard fixed by the law is more than slight. Kundert v. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786.

On the 15th day of January 1948, it was extremely cold in northeastern South Dakota and a blizzard was raging. Just after noon on that day, one A. W. Schaffer, who lives near Albee and who had a truck equipped with a snowplow, received a telephone call from a neighbor who asked for help in getting his wife, who was about to give birth to a child, to a hospital in Milbank. An attempt was made to use the truck but it could not be started because of the

cold. Thereupon Mr. Schaffer, the plaintiff and five other men started out in Schaffer's car intending to render whatever assistance they could in meeting this emergency of the described neighbor. A short distance from the neighbor's farm, while traveling north on a township road, they came up behind the defendant's car. Defendant had received word of the situation in the neighbor's home and had started out with the intention of rendering assistance. As Schaffer drove up behind him he was considering whether he could break through a drift just ahead. He walked back and talked the situation over with Schaffer. As they talked through the right front window, the plaintiff was between them and in position to hear all that was said. It was agreed that because of its load and added weight, and of the assistance available for pushing and shoveling, the Schaffer car could best go through. The defendant therefore backed up and permitted them to go ahead.

After going through two drifts, the Schaffer car lodged in a third drift some 800 feet from the point where they had passed defendant. Thereupon plaintiff and the others started to unload. Three of them, including plaintiff, passed to the back of the car. Two of the three had taken positions at the sides and plaintiff stopped immediately back of the car intending to remove the shovels from the trunk. Within a matter of seconds after plaintiff reached this position he was struck by defendant's car. The bumpers of the two cars interlocked and broke both of plaintiff's legs.

There are varying descriptions of the visibility in the record. It was described as intermittently bad, and at times as at zero. Schaffer said there were times when he could see quite a distance and other times only a very short distance. The snow was carried by a west or northwest wind across this north and south road. There were clear spots and snowdrifts along its course.

Defendant's defroster was not clearing his windshield. Because of the frost and the snow thereon defendant could not see ahead, and did not see plaintiff or the Schaffer car as he collided with it. He said, "I didn't follow them until I couldn't see them any further and then I waited, and then I started down the road." He further testified, "Yes, I

realized they might get stuck." The collision occurred before all of Schaffer's passengers could alight.

On the other hand plaintiff admitted he knew defendant was on the same mission they had undertaken, that he did not look back as he took his position behind the Schaffer car, and that he thinks it probable that the visability would have permitted him to see the defendant's car if he had looked. His companions discovered defendant's car in time to jump to the side and avoid injury.

■ By study and reflection we have become convinced that there is room for difference of opinion among reasonable minds as to whether the negligence of the plaintiff, if any, was more than slight, and assuming a determination that plaintiff was guilty of slight negligence, whether the negligence of the defendant was great in comparison. Cf. Roberts v. Brown, supra.

Although a blizzard was raging, the time was just after noon. Plaintiff had experienced no difficulty in seeing defendant's car as they came upon it. They were on a township road where little traffic would be expected under normal conditions. Several witnesses indicated that · nothing short of an emergency would have induced them to travel on this day. Plaintiff knew his companions were standing by as he was occupied in removing the shovels from the trunk. He knew defendant was behind them, but he also knew that if he was following along he was traveling with the knowledge of the presence of the Schaffer car, and of the fact that it was breaking the way and subject to being stopped by the snowdrifts. We think under these conditions, although he was still duty bound to exercise ordinary care in self-protection, he had a right to assume he was gaining some protection from his companions and that defendant would be exercising care in maintaining a lookout for their car and for those who might be around it in case it became snowbound. What an ordinarily prudent man would have done in these peculiar circumstances to protect himself from harm from traffic from the rear; how much the conduct of plaintiff varied from that standard; and how blameworthy his conduct was because of the likelihood that he would suffer injury therefrom, are ques-

tions which we think offer room for reasonable differences of opinion.

That the defendant was negligent we do not doubt. We do not overlook the urgency of the occasion and the influence that would have on his desire to press forward. We think he was neither required to stand still nor was he justified in throwing caution to the wind as he moved forward. A jury might well say that an ordinarily prudent man would have lowered a window in order to see ahead as he traveled the short distance remaining, and that ordinary care in the circumstances would require him to signal frequently with his horn to those in the Schaffer car. And it would not be unreasonable, we think, assuming the jury concluded that plaintiff was guilty of no more than slight negligence, for them to conclude that, in the circumstances, by driving forward with so little caution the defendant was guilty of gross or great negligence in comparison with the slight negligence of plaintiff.

It follows we are of the opinion that plaintiff was entitled to have the issues submitted to a jury. Therefore, the judgment of the trial court is reversed.

All the Judges concur.