WINBURN, Respondent v. VANDER VORST et al., Appellants

(59 N. W.2d 819)

(File No. 9268. Opinion filed August 6, 1953)

**Roger Campbell** and **Hiram King, Jr.,** Aberdeen, for Plaintiff and Respondent.

**Dwight Campbell** and **Philo Hall,** Aberdeen for Defendants and Appellants.

LEEDOM, J.  Following our decision in this case reported in 55 N.W.2d 609 a petition for rehearing was filed by appellants in which it was earnestly and forcefully argued that under the facts of the case and the law as established by prior decisions of this court appellants, defendants below, were entitled to a directed verdict and to a reversal in this court of the judgment entered on the jury verdict in favor of plaintiff.  We granted the rehearing for the reasons appearing in the discussion that follows and have now heard additional argument and have carefully reconsidered the close question presented by the facts of this case.  We reaffirm the judgment in favor of the plaintiff.

It was not intended by any of the language used in our former opinion to indicate that the facts here would not sup-

port a finding of respondent's negligence under precedent set by this court. The case was previously decided on the basis that negligence of respondent might properly under the law be found by the jury to be slight only, and the defendants' gross in comparison. It follows that our decision in King v. Farmers Educational & Cooperative Oil Co., 72 S.D. 280, 33 N.W.2d 333, on which petitioners lay great stress is not controlling as in the King case the question was not before the court as to whether the negligence of the transport driver there could lawfully have been found to be only slight and defendant's gross and therefore not fatal to the plaintiff's recovery. It is equally true and for this same reason that neither in our former opinion in this case nor here, do we modify the law of the King case. Whether or not the facts in that case and this one can be distinguished on the question as to whether they reveal the plaintiff's negligence as a matter of law is not only a very close question but is beside the point as mere negligence on the part of this plaintiff does not necessarily defeat his recovery, as stated, under the comparative negligence law.

■ Among other things petitioners have called attention to the following sentence found in the previous opinion, 55 N.W.2d at page 611, column 2 [3, 4]: "No exception was taken to this instruction and it is therefore the law of this case." It was the intention by this language to indicate the correctness of the rule of law stated in the instruction, not to imply that an exception to the instruction was necessary to preserve for review on appeal any question presented to the trial court on motion for a directed verdict. That such exception is unnecessary has been held as recently as Peterson v. Great American Insurance Co., 74 S.D. 334, 52 N.W.2d 479.

The rule of law and the instruction mentioned in the preceding paragraph is this: "And in the absence of reasonable grounds to think otherwise, it is not negligence to assume that he is not exposed to danger which can come to him only from violation of law or duty by some other person." That the instruction was given and that petitioners took no specific exception to it at the time it was given are not significant in this appeal. But petitioners do take emphatic exception to the application made of this rule in the former opinion, as pe-

titioners interpret that opinion. We rely on the law encompassed in the language of this instruction in the disposition of this case only to the extent hereafter indicated.

■ Giving to all the evidence the interpretation and inferences most favorable to respondent, as we must do, this is what occurred immediately before respondent's car ran almost head on into the rear of appellants' truck with very considerable force: Respondent was driving along a straight, comparatively level graveled road on a dark night. Some distance ahead petitioners' unlighted truck had stopped and stood in the traveled part of the highway under circumstances warranting a finding of negligence on the part of appellants. One car had just met and passed respondent who, along with the other driver, deflected the beams of their headlights. A second car approached respondent and he concluded on account of its position to let his headlights remain on the lowered and shortened beam. More details of these facts appear in our earlier opinion.

According to the direct testimony of respondent and of another witness respondent's speed was lawful just prior to the time he realized or should have realized appellants' truck blocked respondent's normal traffic lane. Under the law respondent cannot be charged with any breach of duty for failing to anticipate the presence of the stalled truck prior to the time is was discernible to a reasonably prudent person in respondent's position.

■ We concede petitioners' point that the law of this jurisdiction, unmodified by the rule that permits one person to assume another will act lawfully, requires respondent to have his car under such control as to be able to stop it within the range of his vision as held in the King case, supra, 72 S.D. 280, 33 N.W.2d 333. Petitioners however cannot prevail on establishment merely of negligence on the part of respondent, and for the purposes of this opinion it may be assumed that respondent was negligent since he did not stop within the distance remaining after he saw petitioners' truck. The subject of our inquiry is whether the jury was entitled to find his negligence or failure of duty under all the circumstances present to be only slight and appellants' gross in comparison.

We believe the circumstances set out in this and the former opinion justify an affirmative answer to this inquiry.

Respondent's lights were properly on low beam. He violated no duty in leaving them there as the other car approached even though it shortened his view and increased the hazard of travel and we do not regard as really significant here the dispute in the evidence as to whether the approaching car was a quarter of a mile away or a shorter distance as might be inferred from a witness' statement that it was "three highline poles" away. Clearly, we think, the determination of that distance was within the province of the jury. It may be assumed that careful driving judged by the standard of the reasonably prudent person required more slackening of speed than respondent provided, due to the low beam lights and the approach of the second car; but the law did not require respondent to stop and we deem it within the province of the jury to say whether respondent then and there slacked his speed sufficiently to come within an acceptable standard of "slight negligence" under the comparative negligence law. Proceeding then with a shortened range of vision and keeping a proper lookout of the road ahead respondent became aware of the truck ahead. When he first saw it he thought it was moving. He had a right at that time to assume it would not be stopped in the highway in violation of law. Only after a reasonably prudent person could determine that the truck was not moving and that it therefore constituted an obstruction to travel would respondent's conduct be measured by the "assured clear distance" rule, for under this rule a motorist has the right to proceed at a speed not otherwise unlawful so long as the road ahead is not only clear but "apparently clear" as well. King v. Farmers, etc., supra, 72 S.D. 280, 33 N.W.2d 333, 334. Admittedly he applied his brakes at full capacity and slid his wheels a considerable distance, which circumstance is a factor in petitioners' argument that the physical facts establish a much greater rate of speed just prior to the accident than that given by respondent and his witnesses, i.e., 40 to 50 miles per hour. While petitioners do urge that respondent could and should have passed around the standing truck and thereby avoided striking it, that argument gets only secondary em-

phasis and we believe it can be answered with the statement that the comparatively late discovery of the danger, the quick and pursued decision to stop rather than go around, and the car approaching from the other direction place respondent's failure to go around well within the measure of "slight negligence" as applied by the jury.

Petitioners' real contention is that the physical facts and the inferences necessarily to be drawn therefrom establish greatly excessive speed on respondent's part and necessarily therefore negligence more than slight. We cannot agree. It is pointed out that respondent's light passenger car drove the standing truck, weighing twice as much as the car, more than 80 feet down the road after skidding a distance of 90 to 100 feet before the impact; that the automobile itself moved down the road an appreciable distance after the collision and that great damage was done both the car and truck. An exhibit in the case shows stopping distances on a hard surfaced road at different speed with good brakes. Petitioners argue on the basis of this exhibit that respondent must have been going faster than 40 to 50 miles per hour. The chart shows that at 40 miles per hour 84 feet are traveled and at 50 miles per hour 131 feet are traveled before stopping after the brakes are applied, 44 feet and 55 feet in addition, respectively, being used during the driver's reaction time in getting the brakes engaged. The respondent's testimony is that he realized the object ahead was a truck, not moving, at a distance of 90 to 100 feet away from it where he applied full braking power. The difficulty of discerning the wholly unlighted truck against the background of the road as shown by respondent's and other testimony, the time that might normally be required by any reasonably prudent person to decide that the truck was not moving and therefore constituted an obstacle, and the shortened vision due to the deflected headlights, make the 90 to 100 feet, stated by respondent as the remaining distance upon the appreciation of danger, acceptable within a determination of "slight negligence", as the point where respondent saw that there was an obstacle ahead under the "assured clear distance rule". In other words his failing to see the obstacle sooner did not as a matter of law constitute more than slight negligence in that

respondent was not greatly less efficient than any reasonably prudent person would have been in detecting the obstruction and the law of the "clear distance" rule as previously stated holds him free of failure of duty so long as the road ahead is apparently clear.

According to the chart in evidence the speed of 50 miles per hour would have prevented respondent from stopping and at 40 miles per hour he might have just stopped in time, if he had been on a hard surfaced road. We agree that the physical facts reveal a very considerable force from the impact of the car against the truck. The total lack of evidence, however, as to (1) the stopping distances on a graveled road distinguished from a hard surfaced road and (2) the amount of force required, as measured in the rate of movement of another car, to shove the truck on down the road and to damage the vehlices as they were damaged, leaves us with no rational basis for saying that the physical facts prove speed in excess of 40 to 50 miles per hour at the point where the skidding started. While exact proof of the force required to accomplish the results shown by the physical facts would be very difficult to provide, it cannot be said justifiably that we can draw from common knowledge to hold that a car traveling at the remnant of a 40 to 50 mile speed after a 90 to 100 foot skid on a graveled road, could not do the damage here done. It follows therefore if we stay clear of mere speculation, that we must accept the direct testimony of respondent's witnesses and the favorable jury determination with respect to respondent's speed just before he observed the truck. It is not seriously contended that appellants' conduct was other than would entitle the jury to find that it constituted gross negligence in comparison with respondent's slight negligence; and we cannot say that respondent's failure of duty hereinbefore noted, constituted as a matter of law more than slight negligence.

Needless to say we are in a difficult field of law. To draw the line on cases where contributory negligence is shown as a matter of law has been a difficult problem for courts. To refine the inquiry to the point where negligence is found as a matter of law but is recognized as only "slight" according to the measure of the jury, presents difficulties of

the same kind but on a magnified scale. In the cases of Friese v. Gulbrandson, 69 S.D. 179, 8 N.W.2d 438; Kundert v. B. F. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786; Roberts v. Brown, 72 S.D. 479, 36 N.W.2d 665; Will v. Marquette, 73 S. D. 192, 40 N.W.2d 396; Flanagan v. Slattery, 74 S.D. 92, 49 N. W.2d 27; and Stone v. Hinsvark, 74 S.D. 625, 57 N.W.2d 669, this court has interpreted and considered the application of the comparative negligence law. In the Roberts, Will and Stone cases it was held, as here, that it was within the province of the jury to determine whether the plaintiffs' negligence was slight only and the defendants' gross by comparison. In the consideration of the comparative negligence law in these cases this court has recognized that the "uncertainty in this legislative concept is intrinsic" and that there "is no exact rule or standard that can be fixed for its application". Recognizing the inherent difficulty of satisfactory judicial determination under such circumstances we believe our conclusion in the case at bar is not out of harmony with our prior decisions and that it is in conformity with decisions of other courts confronted with the same problem in similar fact situations. See Giles v. Welsh, 122 Neb. 164, 239 N.W. 813; Monasmith v. Cosden Oil Co., 124 Neb. 327, 246 N.W. 623; and Audiss v. Peter Kiewit Sons Co., 8 Cir., 190 F.2d 238.

The judgment of the circuit court is affirmed.

ROBERTS, P. J., and RUDOLPH, J., concur.

SICKEL, J., concurs by opinion.

SMITH, J., dissents.

SICKEL, J. The question before this court on rehearing is no longer one of disposition, but it is one of precedent.

At the close of all the evidence defendants made a motion for a directed verdict on the ground that there is no evidence in the entire record from which the jury could find defendants were guilty of negligence proximately causing the plaintiff's damage and that plaintiff was "* * * himself guilty of negligence more than slight * * *." The motion was denied. The court instructed the jury on the rule of safety, which is not questioned, and also on the rule of assumption as follows: "* * * and in the absence of reasonable grounds

to think otherwise, it is not negligence to assume that he is not exposed to danger which can come to him only from violation of law or duty by such other person". The former opinion of this court quoted the above instruction and stated [55 N.W.2d 611]: "No exception was taken to this instruction and it is therefore the law of this case."

Appellants' petition for rehearing makes this statement: "So far as we are able to discover, the suggestion that the law of this case under the circumstances of this appeal and on this record is established by the Court's instructions is an innovation of the writer of the opinion and we deferentially but most strenuously insist that such statement was ill-considered, is not the law, and that this Court ought in justice and good conscience to recede from it".

Appellants did not object nor except to this instruction. The question of correctness of the instruction was not presented by the motion for judgment n. o. v.; no motion for new trial was made; neither was the giving of this instruction assigned as error in this case. Appellants made no contention in their brief that the instruction quoted above was erroneous, but on the contrary conceded in the brief that: "* * * a driver may not in all cases be guilty of contributory negligence as a matter of law in failing to drive within the range of his vision, and that certain situations may call for exceptions to the general rule. Such an exception was recognized by our Court in Drake v. City of Mobridge (1932), 60 S.D. 79, 243 N.W. 429, in which the Court held that the question as to a driver's contributory negligence was properly submitted to the jury where the plaintiff in watching other traffic on the street failed to see and drove into a hole which had been made in the street for the purpose of cleaning out a culvert". Appellants distinguished this case from the Drake case saying that the facts in this case did not constitute an exception to the safety rule because of the greater discernibility of the truck.

The principal issue before the circuit court and in this court was whether the plaintiff was guilty of contributory negligence more than slight for failure to use reasonable care in discovering the danger and in avoiding the collision.

The rule of safety and the rule of assumption are guides for determining the exercise of due care. Each is complementary to the other when applicable, and in my opinion both instructions should have been given in this case though objections and exceptions had been taken.

On the method of preserving the right to review on appeal the giving or refusing of instructions SDC 33.1318 provides: "No grounds of objection or exception to the giving or the refusing of an instruction shall be considered either on motion for new trial or appeal, unless same was presented to the Court upon the 'settlement' of such instruction." The above rule was adopted by this court and became effective July 1, 1919, and has been in effect without amendment ever since that date. The rule was apparently overlooked in deciding the case of Federal Land Bank v. Houck, 68 S.D. 449, 4 N.W.2d 213, and in Peterson v. Great American Ins. Co., 74 S.D. 334, 52 N.W.2d 479. The case of Schmidt v. Carpenter, 27 S.D. 412, 131 N.W. 723, 728, was decided by this court in 1911, eight years before the rule quoted above was adopted by this court, but as I read the opinion in that case it is consistent with the rule. The Schmidt case was an action for damages on the ground of negligence. Defendant denied negligence and claimed contributory negligence on the part of plaintiff. At the close of all the evidence defendant made a motion for a directed verdict on the ground that "The testimony is insufficient to warrant a verdict against defendant". The motion was denied. The principal issue was whether or not the evidence was sufficient to prove that a negligent employee was acting within the scope of his authority and that defendant was therefore responsible for the employee's negligence. The court instructed the jury on this issue without objection or exception by defendant. The jury returned a verdict for the plaintiff, and judgment was entered thereon. Thereafter defendant made a motion for a new trial in which it claimed that the instruction referred to above was erroneous. The court refused to consider this contention on the ground that no objection or exception to the instruction had been taken by defendant. Then defendant claimed the right to have this issue considered on the ground that it had been presented to the court on the motion for a

directed verdict. This the circuit court refused to do, and on appeal this court said: "Appellant in his brief contends that the motion for direction of verdict upon the ground of insufficiency of the evidence and the motion for a new trial upon the ground of insufficiency of the evidence to sustain the verdict necessarily present the same proposition. However, this is not correct. On a motion for direction of a verdict with proper specifications as to insufficiency of the evidence, the correct rule of law must necessarily be applied in testing the sufficiency of the evidence; but upon a motion for new trial upon the ground of insufficiency of evidence to sustain the verdict the law as laid down by the court in its instructions not excepted to, whether they state the rule of law correctly or incorrectly, become the law of the case, and the sufficiency of the evidence can only be tested by the rule in the instructions."

Certainly, on motion for a directed verdict supported by proper specifications as to insufficiency of the evidence the court must determine and apply the correct rules of law in testing the sufficiency of the evidence, and if the motion is granted and judgment is entered thereon the correctness of the rules of law applied by the circuit court in granting the motion is debatable on appeal. However, when the motion for a directed verdict is denied and the trial proceeds to judgment on the verdict of the jury the instructions become the law of the case, subject to timely objection and exception.

The motion for directed verdict having been denied, and no objection or exception to the instruction in question having been presented to the circuit court on the settlement of the instructions, none may be considered in this court on appeal. I, therefore, agree that we should adhere to the views expressed in the original opinion.